By the Court. Bosworth, J.
The facts found by the *360 referee, in relation to the service of notices in writing, upon the Clerk of the City and. County of New York, by Horace Beals, Charles H. O’Hara, William Joyce, and others, and the entry by the clerk of the particulars of such notices in the “ Lien Docket,” in relation to the service of notices upon the defendant, requiring him to appear in the Common Pleas, and submit to an accounting; and in relation to the service on the defendant of bills of the particulars of each of said claims, created a lien on the defendant’s lot and building, in favor of bach claimant, for such sum as it might be adjudged was due to him on such claim. The referee does not find, that either claimant had performed the labor or furnished the materials specified in his notice, or that anything was owing to either on account of such claim.
The question is, what is the effect of serving papers and taking proceedings proper in form to create a lien for securing the payment of a claim, the existence of which is not established, but which may or may not be established. Does it absolutely bar an action in favor of the original contractor ? If so, on what principle ? The referee has not found that these claims are valid, or what, if anything, is due upon them. For . aught that appears, the whole amount, or no part of the amount of them, or of any one of them, may be adjudged to be owing to the claimant.
Unless something is due on them, the plaintiffs should recover the balance owing by the defendant. If something, but less than the amount of such balance is due on them, they are entitled to the difference, at all events.
We do not see any objection, in a case like the present, to the defendant’s bringing a cross action and making all the claimants parties, so as to conclude them as to the amount owing -by the defendant on his contract, by the judgment in this action, and to obtaining a judgment enjoining the collection of that amount by the plaintiffs, until the decision upon the claims, and directing the payment of the amount, or so much of it as might be necessary to satisfy the claims as they should be established, and according to the rights of the claimants, and the surplus, if any, to the plaintiffs.
Neither is it perceived, that any successful resistance could *361 have been made, to an application by the defendant, after the amount of his liability had been determined by the referee, for leave to pay the amount into court, to abide the decision upon the claims made, and for a stay of all further proceedings in this action in the mean time.
It is entirely obvious, that there are adequate remedies by which the defendant can shield himself against the hazard of being compelled to pay the same debt twice. It is also very clear, that the fact of a claim having been made against him, which would, if established and satisfied, be a bar to the action, is no bar until it is established, even if it would be. before satisfaction.
Would the recovery of a judgment against him, by the claimants, without satisfaction of it, extinguish all liability on his part to the plaintiffs? Would the recovery of a judgment against him by the claimants, without satisfaction of it, preclude them from recovering the amount due them, from the original contractor, who employed them to do the work, and furnish the materials, for which such judgment was rendered ?
If the defendant is discharged from all liability to the plaintiffs, by the effect and force of the recovery of a judgment against him, without payment of it, then such recovery without payment ought to have the effect of discharging the original contractor from all liability to such claimants.
It is difficult to find anything in this act to justify the conclusion, that the creation of a lien upon the lot of the owner, and the recovery of a judgment against him, by the mechanics, for the amount owing to them, in effect, and in judgment of law, extinguishes the liability of the original contractor to them, for the services rendered or materials furnished on his employment, and promise to pay for them, irrespective of the question whether anything is, or can be realized, on such judgment. The creation of a lien and establishment of a claim by a judgment against the owner, secures to the claimant the responsibility of the owner, the security which the extent of his interest in the building and lot at the time of creating the lien may furnish, and, perhaps, the further remedy of an execution on the judgment, against his other property real and personal (§§ 7 and 8, Laws of 1851, p. 955.)
*362 But does it extinguish, the liability of the original contractor to the claimant ? Is it anything more than a statutory security for the satisfaction of such liability ? „
If it does not extinguish such liability, then, on what principle can a recovery by the claimant against the owner, without payment, extinguish the owner’s liability to the original contractor ?
Whatever may be the proper answer to these questions, we ■ are clear in the opinion, that the facts found by the referee do not constitute a bar to the action. It necessarily follows that the judgment appealed from must be affirmed, and the defendant must resort to other proceedings to stay the enforcing of the judgment by the plaintiffs, until the determination of the claims mentioned in the referee’s report.