## THORNE and others *v.* TOWANDA TANNING Co.

*(Circuit Court, W. D. Pennsylvania.* December 30, 1882.)

1. REMOVAL OF CAUSE — TIME FOR APPLICATION — PROCEEDINGS BEFORE ARBI-
TRATORS.

Before a suit was triable in court, or at issue, the plaintiffs entered a rule of reference under the Pennsylvania compulsory arbitration act, and the cause was tried out of court before arbitrators, who made an award, which, under the act, was binding on the parties only by their mutual acquiescence. The plaintiffs appealed from the award, and after the jurisdiction of the court had reattached, petitioned for the removal of the suit to the circuit court of the United States. *Held,* that the proceedings before the arbitrators were not such a trial as precluded the removal, and the plaintiffs had not waived their right to remove by entering the rule of reference.

2. CONCURRENT REMEDIES — AT LAW AND IN EQUITY.

The plaintiffs, in a suit at law, may file a bill against the defendant therein, on the equity side of the court in which the suit is pending, for the same cause of action, if the controversy be of equitable cognizance.

*Sur* motion of defendant to remand cause to the state court; and petition *ex parte* plaintiffs for leave to file a bill on the equity side of the court.

*W. H. Jessup, Edward Overton,* and *John F. Sanderson,* for plaintiffs.

*Davies, Carnochan & Hall* and *Peck & Overton,* for defendant.

ACHESON, J.   This action, originally brought in the court of common pleas of Bradford county, was removed to this court by the plaintiffs. The defendant asks to have the suit remanded to the state court, upon the ground that, before the petition for removal was filed, the plaintiffs had entered a rule of reference, under the state compulsory arbitration law, and the case had been tried before a board of arbitrators, and an award made against the plaintiffs, who appealed from the award to the court of common pleas. The cause was not at issue, or triable in court, when the rule of reference was entered, and that state of things continued when the petition to remove was filed. Therefore the single question presented for solution is, whether the plaintiffs lost their right to remove the suit by reason of the rule of reference, and the trial before and award by the arbitrators.

The act of congress provides that the petition for the removal of a suit shall be filed in the state court "before or at the term at which said cause could be first tried, and before the trial thereof." Was the proceeding before the arbitrators a "trial" within the mean-

ing of the act? I think not. The act, it seems to me, contemplates a trial in court, or, at least, a judicial trial of a binding nature. But under the Pennsylvania statute a trial before arbitrators, under a compulsory rule of reference, is, in the first place, a trial out of court. Troubat & H.. Pr. § 2231. Such rule may be entered before the cause is at issue, and even before the return-day, (*Henness* v. *Meyer*, 4 Whart. 358;) and the effect of the appointment of the arbitrators, and commitment of the case to them, is to deprive the court temporarily of jurisdiction to try the cause, (*Camp* v. *Bank of Oswego*, 10 Watts, 130.) And then, again, the award when made is conclusive only by the mutual acquiescence of the parties. Either side may appeal, and thereupon the jurisdiction of the court reattaches fully. Surely a procedure so anomalous—so barren of results—is not a trial within the purview of the act of congress. That the rule of reference here was entered by the plaintiffs, is, I think, an immaterial circumstance. If the defendant was not precluded from removing the suit, neither should the plaintiffs be. They waived no legal right by availing themselves of the privilege of compulsory arbitration under the statute.

The motion to remand must be denied.

This brings us to the consideration of the plaintiffs' petition for leave to file a bill on the equity side of the court. It appears from the petition that the plaintiff's cause of action arises out of a series of transactions, extending over a period of about 10 years, under contracts between the parties, whereby the plaintiffs agreed to deliver to the defendant skins and hides, which the defendant agreed to tan and manufacture into leather, and deliver the same to the plaintiffs. The plaintiffs were to sell the leather and pay the defendant the proceeds of sale, after first deducting the original cost of the skins and hides, with a stipulated interest, and certain specified percentages, and insurance, cartage, and inspection charges. Statements of accounts were to be rendered whenever required, in writing, by either party. The contract last in date, viz., the one of November 1, 1875, provided that the plaintiffs should advance to the defendant a specified sum on each hide as delivered, and for such advancements the plaintiffs might retain out of the proceeds of sale, and if they proved insufficient to reimburse them, the defendant agreed to make good the deficiency.

The petition alleges that these dealings were made the subject of book-entries and accounts on the part both of the plaintiffs and defendant, the transactions being very numerous and very large in ag-

gregate amount; that a separate account was kept by the plaintiffs with each invoice of leather, in which the invoice was charged with the cost of hides, etc., and credited with the proceeds of sale, etc.; that the account of purchases is based on invoices of hides, books of weight, etc., and the account of sales on orders and returns of sale made in various parts of the United States and in foreign countries; that the returns of foreign sales generally embrace leather other than that tanned by the defendant, making a separation of items necessary, and are rendered very often in foreign currencies,—English, Danish, Norwegian, French, Italian, Austrian, Swiss, Egyptian, Dutch, etc.,—and said returns involve the adjustment of many items of freight, insurance, customs, discounts, commissions, premiums on gold, etc.; that the book-entries alone connected with the sales are many thousand in number, and that letters, vouchers, checks, drafts, etc., aggregating many hundreds, are involved.

The petition further alleges that from time to time, and during the whole period of said dealings, the plaintiffs rendered accounts to the defendant, which the latter retained without objection, and upon which the plaintiff relied as accounts stated when the pending suit at law (an action of debt) was brought; but that the defendant now denies the correctness of said accounts, and claims that the plaintiffs have not properly accounted for the leather delivered to them, and objects to a very large number of items, etc. Substantially the allegation made is that the controversy involves the whole dealings between the parties, and the investigation and settlement of their entire accounts, in which great complexity exists.

In view of the contract relations between the parties and the character of the accounts involved, I cannot doubt that the controversy, if it be as alleged in this petition, is of equitable cognizance. Bisp. Eq. § 484.

Nevertheless, if the present application were for the transmutation of an action at law into a suit in equity, it could not be entertained. *Thompson* v. *Railroad Co.* 6 Wall. 134. But I do not so understand the petition. The prayer is for leave to file a bill in equity; *i. e.*, to institute an independent and original suit on the equity side of the court. To this I see no valid objection. *Fisk* v. *Union Pac. R. Co.* 8 Blatchf. 301. The pendency of the present action is no obstacle, for it is well settled that a plea of the pendency of an action at law, though between the same parties and for the same subject-matter, is bad and unavailable in equity. Story, Eq. Pl. § 742; Daniell, Ch. Pr. 658.

After answer to the bill the defendant will have an opportunity of applying to the court to put the plaintiffs to their election to proceed in the suit at law or in equity, (Id.,) and any question as to costs can be raised hereafter.

Leave is granted the plaintiffs to file the proposed bill on the equity side of the court.