CARLIN *v.* RICHARDSON.
o

(*Superior Court of Buffalo, General Term.* July 13, 1888.)

1. SET-OFF AND COUNTER-CLAIM—FAILURE TO PLEAD—SEPARATE ACTION.
   Plaintiff's action for $300, the unpaid portion of $425 agreed to be paid by defendant, for certain services, was not barred by the pendency in another court of an action against him by defendant to recover the amount paid, on the ground of failure of consideration; the sum of $300 remaining, not being set up by way of counter-claim, nor put in issue by the pleadings in said last-named action.

2. SAME—WHAT SUBJECT TO—ACTION FOR MONEY PAID—FAILURE OF CONSIDERATION.
   Plaintiff's claim for $300, arising out of a contract to pay $425, for services, was a proper counter-claim against an action by defendant to recover the sum of $125 paid plaintiff on said contract, based on failure of consideration, under Code Civil Proc. N. Y. § 501, subd. 1, defining a counter-claim as "tending to diminish or defeat

plaintiff's recovery," which must be "a cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action."[1]

BECKWITH, C. J., dissenting.

Appeal from municipal court.

Action by William W. Carlin against Charles Richardson to recover $300 due by contract. Judgment of nonsuit, and plaintiff appealed. Code Civil Proc. N. Y. § 501, subd. 1, defines a counter-claim to be anything that tends to defeat or diminish plaintiff's recovery," which must be "* * * a cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action."

*Howard & Clark,* for appellant.    *Fitch & Braunlein,* for respondent.

HATCH, J.    This action was commenced in the municipal court of Buffalo to recover the balance due upon a contract to furnish plans and specifications for a house and barn to be erected upon defendant's premises.    The preparation of the plans and specifications was alleged in the complaint; that the services were reasonably worth the sum of $425; that there had been paid thereon the sum of $125, leaving a balance due of $300, for which judgment was demanded.    The defendant joined issue, and filed an answer in which, among other things, he pleaded as a bar the pendency of another action in the supreme court, between the same parties, for the same cause of action, as set forth in the pleadings in this action.    Upon the trial it was admitted by plaintiff that an action was pending, at the time of the commencement of this action, in the supreme court, in which the defendant herein is plaintiff and the plaintiff herein is defendant.    It was further admitted that the $125 referred to in plaintiff's complaint herein was the same as referred to in the complaint in the action in the supreme court, and that the plans and specifications referred to in both actions are the plans and specifications forming the subject of litigation in both suits.    Therefore the judge entered judgment of nonsuit against plaintiff.    The return is extremely meager and unsatisfactory. While the complaint in the supreme court was introduced in evidence, yet it was not returned, nor can it be gathered from the return what the issues in the supreme court were, nor what defense the answer interposed.    From the statement of counsel, upon the argument, and from the briefs submitted, in which they seem to agree, it appears that in the supreme court plaintiff alleged in his complaint a breach of contract upon the part of the defendant in failing to furnish the plans and specifications contracted for, and sought to recover back the $125 paid to defendant on account thereof.    The defendant therein admitted receiving the $125; also, the demand of repayment and refusal to pay; then alleged that money was paid for work, labor, and services performed in preparing the said plans and specifications.    For a second answer defendant denied all the other allegations in the complaint.    Treating these as the issues between the parties, it is clear that the pendency of the action in the supreme court was no bar to maintaining this action.

[1] Set-off arises only between independent debts, mutually due, between the same parties.    In re Insurance Co., 22 Fed. Rep. 200.

In an action by an administrator to recover rent due under a lease executed by him, a claim against his decedent's estate cannot be set off.    Harris v. Taylor, (Conn.) 2 Atl. Rep. 749.

In an action by an administrator of a deceased partner to obtain an accounting and settlement of the partnership affairs, amounts drawn from the firm by the deceased partner may be proved, and allowed as an off-set, although such amounts have not been presented to and allowed by the administrator and judge in probate.    Manuel v. Escolle, (Cal.) 3 Pac. Rep. 411.

A trustee, called upon to account for the income of the trust fund, cannot claim as a credit payments to the *cestui que trust,* made by him in another capacity, of money not arising from the trust-estate.    In re Jones, *ante,* 127.

The plaintiff in that action, in order to entitle himself to recover, was bound to show a non-performance of the contract upon defendant's part. If he failed in that, then he failed in his action, and his complaint would be dismissed; but under the issues the defendant would not become entitled to an affirmative judgment for the balance remaining unpaid upon the contract; in the event of plaintiff's refusal to pay such balance, defendant could maintain an action to recover it. A judgment is only conclusive upon the point which it professes to decide, and of matters which it was necessary to decide, or which were necessarily embraced within the issues. *Kerr* v. *Hays*, 35 N. Y. 331; *Tuska* v. *O'Brien*, 68 N. Y. 446. The only propositions necessary to a determination in the supreme court action were the payment of the money upon the contract, a non-performance of it, and a demand, and refusal to repay. But the refusal in these respects in nowise determined the right of the defendant therein to recover the value of his services remaining unpaid; nor did it nor could it, under the issues, determine whether he was or was not entitled to recover anything more of plaintiff, unless the plaintiff succeeded, when the judgment could be pleaded in bar. The fact, however, that a recovery upon the part of the plaintiff in the supreme court, when pleaded, would constitute a bar to defendant's action, is of no importance, for the reason that when the action was commenced it had no existence. The defendant was not bound to plead the unpaid sum due upon the contract, and ask for an affirmative judgment in the supreme court action; he might do so, or he could resort to a cross-action to recover them. *Gillespie* v. *Torrance*, 25 N. Y. 306; *Inslee*v. *Hampton*, 8 Hun, 230. The contention of defendant that plaintiff's claim is not a counter-claim is without foundation. It falls squarely within the definition of the Code. Code Civil Proc. § 501, subd. 1; 7 Wait, Act. & Def. 530. The case of *Brown* v. *Gallaudet*, 80 N. Y. 413, is therefore decisive of the present case, as are many others. The judgment should be reversed, with costs.

TITUS, J., concurs. BECKWITH, C. J., dissents.