BENJAMIN RICHARDSON, Appellant, *v.* JOHN DAVIDSON, Respondent.

*Supreme Court, First Department, General Term, May* 24, 1889.

1. .*Pleadings. Defenses.*—It is the duty of a defendant in an action, whether he has a legal or equitable defense, to set up both or either of them in the first action commenced, relating to the subject-matter. He cannot reserve an equitable defense, and then file a bill to restrain another, either legal or equitable, action.

2. *Same.*—When the defendant has answered in the first action without setting up his equitable defense, it is immaterial whether or not full relief can be granted to him under such answer. It was his own fault that he did not avail himself of such opportunity, and he cannot be allowed to intervene subsequently and enjoin the trial of that action, in order that his defense may be tried in a separate suit.

3. *Same.*—It is too late for a defendant, after he has allowed a number of suits to be ready for trial, to file a bill to establish his defenses to those actions on the ground of preventing a multiplicity of actions.

Appeal from so much of an order as denies a preliminary injunction.

*W. T. Washburne,* for appellant.

*Thos. Darlington,* for respondent.

VAN BRUNT, P. J.—In May, 1887, the defendant commenced three actions against the plaintiff and others for the foreclosure of three mortgages. Issue was finally joined in said foreclosure suits on the 19th of October, 1887, by the service of a reply. The case was on the calendar in October, and, during the November term, consents were signed, and an order entered referring the case to a referee to hear and determine, notices of reference were served, and the cases set down for trial on December twelfth,

and on the eighth of December, four days before the day fixed for the trial, the summons, complaint and preliminary injunction in this action were served upon the defendant herein, the complaint and affidavit being sworn to on the first of December. By the injunction, the defendant was, amongst other things, restrained from further prosecuting· or attempting to prosecute the said foreclosure actions. The injunction was accompanied by an order to show cause· why it should not be made permanent. Upon the hearing of the motion to make the injunction permanent, the same,, so far as it affected the prosecution of the action in question, was dissolved, and from the order thereupon entered this appeal is taken.

It is true that the learned court, in its opinion, stated as one of the reasons for the dissolution of the injunction that the plaintiff could, under his answer in the foreclosure actions, obtain full relief in those actions. But it is immaterial as far as the decision of this motion is concerned, whether he could or could not obtain all the· relief which he asked in this action under his answers. in the foreclosure suits. If the plaintiff herein had any defense to those suits, whether legal or equitable, he was bound to set it up in those actions, and he will not be permitted to file a bill, or maintain an action for the purpose of obtaining an injunction against the prosecution of another suit, when the other suit is open to him for the establishment of the defense which he seeks to make a cause of action. Since the abolition of the distinction between the jurisdiction of the court, in respect to legal and equitable defenses, it is the duty of a defendant in an action, whether he has a legal or equitable defense, to set up both or either of them in the first action commenced relating to the subject matter. He cannot reserve an equitable defense, and then file a bill to restrain the prosecution of another, either legal or equitable action.

As has been said in the case of Savage *v.* Allen, 54 N. Y.

458, the proposition that a separate action may, under our present system, be maintained to restrain, by injunction, the proceedings in another suit in the same or another court, between the same parties, where the relief sought in the latter suit may be obtained by a proper defense to the former one, has long since been exploded, or, if not, should be, without delay. The whole policy of the law is, that suits shall not be maintained for the purpose of setting up defenses to alleged causes of action. Where a party has a defense, he must set it up in answer to the cause of action alleged, and where an action is brought upon a cause of action, the defendant is bound to set up his defense in that action, in order that it may be there tried, and not attempt, by a separate action, to impede the prosecution of the action first commenced. Therefore, as far as the consideration of the question of the propriety of the maintenance of this injunction, in respect to the foreclosure actions, is concerned, it is immaterial whether full relief could be granted to the plaintiff under his answer or not. He might have set up as a defense to those actions, that which he now seeks to avail himself of, and, if he did not set it up, he cannot be allowed now to intervene and prevent the trial of those actions in order that his defense thereto may be tried in a separate suit.

The claim that the plaintiff will be compelled to try his defense in four separate actions, is not ingenuously taken. It appears that each and all of the foreclosure suits have been referred to a single referee, and that it was undoubtedly the intention of the parties that they should be tried as one suit, and that there should not be separate trials in each. But even if the contrary were the case, after a party has allowed suits to go to issue, and to be ready for trial, it is too late for him to claim that the court shall take cognizance of a bill filed to establish his defences to those actions upon the ground of preventing multiplicity of suits. If he was so anxious to avoid it he had an opportunity to bring

his action at once, when he was apprised of the claims made by the defendant in this action, and plaintiff in the foreclosure actions, and he cannot rest and wait until the other cases are placed on trial, and then file his bill to prevent multiplicity of suits.

It is not necessary to consider this question upon the merits as to whether a cause of action is made out by the complaint, or whether it is not.

It is clear that the plaintiff has been guilty of laches if he has any cause of action which might be established as a defense to the bonds and mortgages in question, and it is also equally clear that he was bound to set up this defense in this action, or he is forever barred from asserting it.

We think, therefore, that the plaintiff has made no cause whatever for the maintenance of this injunction, and that the order vacating the same was correct, and should be affirmed, with ten dollars costs and disbursements

MACOMBER and BARTLETT, JJ., concur.