(17 App. Div. 246.)

## McGRATH v. MAXWELL.

(Supreme Court, Appellate Division, Third Department. May 5, 1897.)

1. JUDGMENTS—ACTIONS ON—LEAVE OF COURT.
   The assignee of a judgment is not required to obtain leave of court to sue on it by Code Civ. Proc. § 1913, forbidding an action on a judgment "between the original parties" thereto without leave of court.

2. ABATEMENT—ANOTHER ACTION PENDING.
   An action by a judgment debtor to enjoin the owner of the judgment from enforcing it does not involve the same cause as an action by the owner against the debtor to recover the amount of the judgment.

Appeal from trial term, Montgomery county.

Action by Thomas McGrath against William G. Maxwell on a judgment. From a judgment entered on a verdict directed by the court in favor of plaintiff for $2,006.25, defendant appeals. Affirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Chanler, Maxwell & Philip, for appellant.

White & Ferguson, for respondent.

MERWIN, J. On the 12th day of June, 1888, the First National Bank of Amsterdam recovered in the supreme court a judgment against William G. Maxwell and Thomas McGrath for $1,340.18, upon two notes made by Maxwell to the order of and indorsed by McGrath and transferred to the bank. On the 24th day of April, 1895, McGrath paid to the bank the full amount of the judgment, and the bank executed and delivered to him an assignment thereof. In the complaint in the present action the execution and delivery of the notes, the recovery of the judgment, its payment by and assignment to the plaintiff, and its nonpayment by the defendant are alleged. The verdict is for the amount with interest. It is argued by the appellant that the plaintiff cannot maintain the action because he did not obtain from the court an order granting him leave to bring it. Code Civ. Proc. § 1913. The action here, however, is not "between the original parties to the judgment." That means, as said by Oakley, C. J., in Tufts v. Braisted, 4 Duer, 608, "that no party in whose favor a judgment is rendered shall bring an action upon it against those against whom it is rendered without leave of the court." The section does not apply where the judgment has been assigned. Carpenter v. Butler, 29 Hun, 251; Knapp v. Valentine, 33 N. Y. Supp. 712, and cases cited. The plaintiff, upon the facts stated, had a right to take the assignment, and enforce the judgment against the present defendant. Bostwick v. Scott, 40 Hun, 212. It was not necessary for the plaintiff to obtain leave to sue.

It is further argued by the appellant that a prior action brought by the defendant against the plaintiff, and still pending, is a bar

to the present one. In that action this defendant, in his complaint, in substance set up that he, and not this plaintiff, was the surety, and therefore he claimed that the judgment referred to should be satisfied as to him, and that this plaintiff should be enjoined from enforcing it. This plaintiff answered, setting up, in substance, the facts as he in this action claims them; in other respects denied the complaint, and demanded as affirmative relief that he recover the amount of the judgment. A demurrer to the counterclaim was put in, upon the ground that it was not one of the causes of action mentioned in section 501 of the Code, and also that the counterclaim did not state facts sufficient to constitute a cause of action. Thereupon an amended answer was served, setting up the same facts as a defense, not as a counterclaim, and demanding no affirmative relief. The amended answer seems to have been served April 1, 1896, and the present action was commenced April 11, 1896. It may admit of some doubt whether, in the equity action brought by this defendant, the counterclaim was permissible. Lipman v. Iron Works, 128 N. Y. 58, 63, 27 N. E. 975; Walker v. Insurance Co., 143 N. Y. 169, 38 N. E. 106; Bellinger v. Craigue, 31 Barb. 534; City of Schenectady v. Furman (Sup.) 15 N. Y. Supp. 724. Assuming that it was, the defendant therein was not bound to set it up. Brown v. Gallaudet, 80 N. Y. 413; Inslee v. Hampton, 8 Hun, 230; Carlin v. Richardson, 1 N. Y. Supp. 772. He had the right to serve an amended answer, and upon the issue as finally made, induced, it may be, by the action of the plaintiff therein in demurring to the supposed counterclaim, the defendant therein could not obtain the relief that he obtains in the present action, and therefore the pendency of the former action would not be a bar. The actions are not for the same cause, within subsection 4 of section 488 of the Code. Their scope is different. One is to set aside a judgment, the other is to enforce it. One involves the validity of the judgment; the other not only the validity, but its actual execution. This plaintiff had the right to enforce the judgment by suing it over. This defendant did not, by preliminary injunction order in his equity suit, or by order in the original action, procure a stay. The bringing of the action was not in itself a stay. This plaintiff, in the absence of a stay, was at liberty to enforce his judgment by such remedies as were available, and was not bound to await the determination of the equity suit. No sufficient reason is apparent for reversing the judgment appealed from, and it should be affirmed.

Judgment affirmed, with costs. All concur.