(25 App. Div. 362.)

WISNER v. CONSOLIDATED FRUIT-JAR CO.

(Supreme Court, Appellate· Division, Fourth Department.    February 6, 1898.)

1. PLEADING—ACCOUNTING—LEGAL CAUSE OF ACTION.
    A complaint alleged that plaintiff purchased goods at various times from defendant; that from time to time he paid sums of money, by which he overpaid defendant by a sum which he seeks to recover.    Plaintiff also demanded an accounting..  Held, that only a legal cause of action was stated.

2. SAME—PRAYER FOR LEGAL·AND EQUITABLE RELIEF—DEMURRER.
    Where a complaint purports to set out an equitable cause of action, but the facts alleged show only a legal one, and plaintiff has demanded a money judgment as well as equitable relief, the complaint is not demurrable, on the ground that it does not state facts sufficient to constitute a cause of action.

3. SAME—ISSUE—BURDEN OF PROOF.
    A complaint alleged that plaintiff purchased goods from defendant; that from time to time he paid defendant sums of money, by which he overpaid defendant by a sum which he seeks to recover.    Held, that plaintiff must prove both sides of the account in order to establish the overpayment.

Appeal from special term.

Action by Henry C. Wisner against the Consolidated Fruit-Jar Company.    From a judgment overruling a demurrer to the complaint, defendant appeals.    Affirmed, with leave to withdraw the demurrer and answer.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

George B. Lester, for appellant.
William A. Sutherland, for respondent.

FOLLETT, J.    The complaint contains but one count.    Its draftsman evidently entertained the idea that he was setting forth facts constituting an equitable cause of action for an accounting, but in this he was in error.    An equitable action for an accounting cannot be maintained by a vendee of goods, who has paid money from time to time on the account, against his vendor, to ascertain the state of the account, and the fact that the prices for all or some of the goods sold were not agreed upon does not change the rule.    The facts alleged show that for several years before this action was begun the plaintiff purchased goods at various times of the defendant, for which the plaintiff became liable to pay the defendant .their value or their agreed price; and that from time to time the plaintiff paid the defendant sums of money, by which, as the plaintiff alleges, he overpaid the defendant by about $5,000, which he seeks to recover, and for which he demands judgment.    This is simply a legal cause of action.    It is

true that the plaintiff, in addition to his demand for a money judgment, also demands an accounting, but this does not make the action an equitable one. In case a plaintiff, by accident or design, sets forth a legal cause of action in his complaint, which he erroneously supposes to be an equitable cause of action, and demands a money judgment, a demurrer to the complaint on the ground that it does not state facts sufficient to constitute a cause of action will not be sustained. In case a plaintiff has the right to maintain an action at law or a suit in equity, and he elects to bring a suit in equity, demanding only equitable relief, but fails to state sufficient facts in his complaint to constitute an equitable cause of action, and the defendant demurs on the ground "that the complaint does not state facts sufficient to constitute a cause of action," the demurrer will be sustained, though the facts alleged are sufficient to constitute a legal cause of action; and so, in case he elects to bring an action at law, demanding only legal relief, but fails to state sufficient facts in his complaint to constitute a legal cause of action, and the defendant demurs on the ground "that the complaint does not state facts sufficient to constitute a cause of action," the demurrer will be sustained, though the facts alleged are sufficient to constitute an equitable cause of action. Edson v. Girvan, 29 Hun, 422; Swart v. Boughton, 35 Hun, 281; Willis v. Fairchild, 51 N. Y. Super. Ct. 405; Fisher v. Insurance Co., 52 N. Y. Super. Ct. 179. In such a case a plaintiff has his choice of remedies, and, having made his election, he must, in the face of a demurrer, abide by his election. The case at bar is quite different. On the facts set forth in the complaint the plaintiff has no equitable cause of action, but has a legal one, and, having demanded a money judgment as well as equitable relief, the complaint is not demurrable on the ground that it does not state facts sufficient to constitute a cause of action. Plaster Co. v. Seabury, 43 Hun, 611; Wetmore v. Porter, 92 N. Y. 76. The cases of which Bockes v. Lansing, 74 N. Y. 437; Wheelock v. Lee, Id. 495; Dalton v. Vanderveer, 8 Misc. Rep. 484, 29 N. Y. Supp. 342; Fitzsimons v. Drought, 16 App. Div. 454, 45 N. Y. Supp. 44,—are types, holding that, when an equitable cause of action is set out in the complaint, the defendant answers, the cause is tried as an equitable one, and the evidence fails to establish an equitable cause of action, the plaintiff cannot recover on the ground that the evidence establishes a legal cause of action, are not in point. An equitable cause of action is not set out in the complaint. This case has not been tried, and, it appearing on the face of the complaint that the trial of the action will involve the examination of a long account, it will necessarily be tried before a referee, neither party being entitled to a trial by jury. Under our Code of Procedure, an equitable action for an account is not sustainable in many cases in which such an action was sustainable under the practice prevailing before 1848. In an action at law the service of a bill of particulars and the production of books and papers may be compelled, the adverse party may be examined before trial, and the issues are usually tried before a referee. Marvin v. Brooks, 94 N. Y. 71, 80. The plaintiff has taken upon himself the burden of showing the amount and value of the goods purchased by him, and when purchased, and, in case the goods were sold at prices

agreed upon, the prices at which they were sold, and also of showing the sums which he has paid on account of such goods and when paid. He will not establish a cause of action by simply showing the amounts which he has paid, because his cause of action rests on the theory of an overpayment, to establish which he must necessarily prove both sides of the account.

The interlocutory judgment overruling the demurrer should be affirmed, with costs, with leave to the defendant to withdraw its demurrer and answer on the payment of costs.    All concur.