THE CONSOLIDATED FRUIT JAR COMPANY, Respondent, *v.* HENRY
C. WISNER, Appellant.

*Plea in abatement — action brought against a corporation by its president for an*
*accounting and for the amount found to be due him — when not a bar to a subse-*
*quent action by the corporation for an accounting by the president for his acts —*
*plea of the pendency of an action at law in an equity suit.*

An action brought against a corporation by the president thereof, demanding an
accounting, and that the corporation be required to pay to the plaintiff the
amount found due to him by it upon such accounting, which sum was stated
in the complaint to be $5,000, is not a bar to an action in equity subsequently
commenced by the corporation against the plaintiff in the former action to com-
pel an accounting by the latter for his acts while president of the corporation,
it not being necessary that the former action should proceed further than is
essential to reach a determination that the plaintiff in that action is not entitled
to recover any sum of the defendant therein, in which action the defendant
would not be entitled to an affirmative judgment in its favor, unless it joined
issue therein and by counterclaim sought to recover any sum to which it might
show itself entitled.

*Quære,* whether the pendency of an action at law can be pleaded in abatement of
a suit in equity.

APPEAL by the defendant, Henry C. Wisner, from an inter-
locutory judgment of the Supreme Court in favor of the plaintiff,
entered in the office of the clerk of the county of New York on the
3d day of June, 1898, upon the report of a referee directing the
defendant to account for the moneys, goods and property of the
plaintiff, disposed of by him to his own use and benefit, and for all
his transactions as and while president of the plaintiff.

This appeal was transferred from the first department to the
second department.

*W. A. Sutherland,* for the appellant.

*George B. Lester,* for the respondent.

GOODRICH, P. J.:

The complaint contains allegations making this an action in equity
to compel an accounting by the defendant for his acts while presi-
dent of the plaintiff corporation. The defendant answered, and,

among other defenses, set up as plea in abatement the pendency of a prior action, the venue of which was in the county of Monroe. The issues were referred to Thomas Allison, Esq., before whom stipulations were made so as to call simply for a decision of the question whether the plaintiff should have an interlocutory judgment requiring the defendant to account as to matters alleged in the complaint. The referee decided that the defendant was bound to account, and from the interlocutory judgment entered thereon the defendant appeals.

The opinion of the referee fully states the facts upon which the question arose, and will be found in the note hereto appended.*

---

* The following is the opinion of the referee:

THOMAS ALLISON, Referee:

This action is brought for an accounting by defendant for his acts while and as president of the defendant. It was commenced June 14, 1897.

On February 26, 1897, the defendant herein commenced an action in this court against the plaintiff herein. That former action was still pending when this action was commenced. The plaintiff now moves for an interlocutory judgment herein that defendant account. Defendant opposed said motion solely upon the ground that the said prior action is pending, and concedes that the plaintiff is entitled to an interlocutory judgment that the defendant account herein, unless such pendency of said former action is a defense precluding such a judgment. Defendant also moves to dismiss the complaint herein on the same ground.

As a matter of convenience, said former action will be spoken of as action No. 1, and the action at bar as action No. 2.

The original complaint in action No. 1 was demurred to, and the demurrer thereto was overruled, and the Appellate Division affirmed the judgment overruling the same, with leave to withdraw the demurrer, and to answer on terms.

In the opinion delivered on said appeal, speaking of the original complaint in action No. 1, the court said: " On the facts set forth in the complaint, the plaintiff has no equitable cause of action, but has a legal one, and having demanded a money judgment as well as equitable relief, the complaint is not demurrable on the ground that it does not state facts sufficient to constitute a cause of action." (25 App. Div. 362, 364.)

It appears, however, that defendant in action No. 1, the plaintiff herein, availed itself of the privilege to withdraw said demurrer, and served an answer in said action which was received by the attorneys for the plaintiff therein on March 8, 1898.

Said defendant also, on March 27, 1898, served an amended answer in said action No. 1, and on April 13, 1898, the plaintiff in said action, the defendant herein, served an amended complaint in said action No. 1. When the pending motions were made, the time to answer said amended complaint had not expired, and no answer thereto had been served.

The opinion of the learned Appellate Division of the fourth department, referred to in the opinion of the referee, is reported in 25 Appellate Division, 362, and is the declared law of this litigation, concurrence with which is requisite not alone for the orderly administration of justice, but because the reasoning of the opinion commends itself to our judgment. That opinion holds that the action in the county of Monroe is an action at law. There is authority for saying that the pendency of an action at law cannot be pleaded in abatement of a suit in equity, even where the same party is the plaintiff in each action. (*Gillette* v. *Smith,* 18 Hun, 10; *Thorne* v: *Towanda Tanning Co.,* 15 Fed. Rep. 289, 291; Story's Eq. Pl.

It is now claimed that, by reason of the contents of the said amended complaint in action No. 1, that action is a bar to the prosecution of this action No. 2; that the issues to be tried and determined in both actions are the same.

There are two answers to this claim. *First,* that what cause of action said action No. 1 was pending for when action No. 2 was commenced must be determined by the pleadings in action No. 1 as they stood at that time. *Secondly,* that the pleadings in action No. 1, whether the original or amended complaints be taken as the test, do not make out a cause of action. No. 1 being an action, the pendency of which precluded the commencement or prosecution of action No. 2, the one at bar.

The action at bar, No. 2, was commenced June 14, 1897. At that time, the only pleadings existing in action No. 1 were the original complaint therein and the demurrer thereto. No answer was served in said action until March 8, 1898, and the amended answer therein was not served until March 27, 1898, and the amended complaint therein was not served until April 13, 1898, all of which dates are long subsequent to June 14, 1897, when this action No. 2 was commenced. If the amendment to the complaint made action No. 1 to be one for any other cause than it theretofore was under the original complaint therein, it did not become an action for such new cause until such amended complaint was served. If, then, under the original complaint therein, action No. 1 was not an action for the same cause, and did not involve the trial and decision of the same issue and the granting of the same relief as are to be tried, decided and granted in action No. 2, then, when the latter action was commenced, the pendency of action No. 1, at that time, is no defense in action No. 2. If the amended complaint in action No. 1 makes it an action pending for the same cause, involving the same issues and the same relief as action No. 2, yet it did not accomplish that result until April 13, 1898, long after action No. 2 was commenced on June 14, 1897. But neither under the original complaint nor under the amended complaint was or is action No. 1 for the same cause of action, nor does it involve the trial and decision of all of the issues or the granting of the same relief as action No. 2.

There is no answer now in action No. 1, nor was there any answer therein either when action No. 2 was commenced or when the pending motions were

§ 742; Dan. Ch. Pr. 658; 1 Ency. Pl. & Pr. 752, note.) These decisions and authorities, except the first cited, which was rendered by the old General Term of the second department, can relate to systems of practice where the distinction between law and equity

made. We have, therefore, to do only with the two complaints in action No. 1, in determining for what that action now is, or at the time of the commencement of action No. 2, was pending for.

The original and amended complaints in action No. 1 contained substantially the same allegations. There is no material difference between them as to the causes of action alleged in them respectively. The order in which the allegations are made is different. Some allegations contained in the original complaint are amplified in, and some of them are omitted from, the amended complaint. Some legal propositions and arguments and evidence have been pleaded in the amended complaint which were not specifically pleaded in the original complaint, but which would have been available and admissible on a trial under the original complaint. But none of these changes made any change in the cause of action or issues to be tried.

There was also an amplification and change in the prayer for relief. The original complaint prayed for an accounting and that defendant in said action might be adjudged to pay to the plaintiff therein the sum found due by it to him upon the accounting, which was alleged in said complaint to be $5,000.

The amended complaint prays for an accounting and for the recovery of the $5,000. It also prays for the setting aside of any settlements or adjustments heretofore made between the parties of their accounts as to sales of goods and payments on account thereof. It also prays for a preliminary injunction to prevent the prosecution of any action involving the matters involved in said action, and for a final permanent injunction to the same effect, and for a like injunction against defendant upon payment by Wisner of any sum, if any, found due by him upon the accounting in said action. It also contains a general prayer for such other and further relief as may be just and equitable.

These changes in the prayer for relief are not material upon the question now under consideration. They do not change the substantial character of that action.

Both complaints involve only the questions arising upon the sale and delivery of goods by the company to Wisner, whether made directly or indirectly, and the payments made on account thereof, and the question whether he has overpaid $5,000 to the company on such transactions.

The question whether the settlements and adjustments on payments of amounts were binding or could be disregarded, is no more involved under the amended than it was under the original complaint, and the cause of action and issues are not changed by the insertion of a specific prayer for relief to have them vacated and set aside. Nor is any cause for setting them aside or disregarding them alleged in the amended complaint which could not have been proved under the original complaint.

The prayers for injunctions are of no effect upon the question involved on these

forms remains in force. It would seem that the reasoning ought to prevail *a fortiori*, under our Code of Civil Procedure, where, although the fundamental distinction of law and equity continues, the forms of pleading are practically abolished.

motions. The only way in which the prosecution of this action could be prevented, if at all, for all that appears in the amended complaint, or otherwise, would be to plead, as has been done in this action, the prior pendency of action No. 1. (*Savage* v. *Allen*, 54 N. Y. 458; *Richardson* v. *Davidson*, 5 N. Y. Supp. 617.)

In fact, so far as the pendency of action No. 1 being a bar to this action No. 2 goes, the amendments to the complaint are only colorable. The cause of action and relief to be had in action No. 1 are the same now as they always have been.

In the opinion of the Appellate Division (25 App. Div. 362) it is said: "He" (the plaintiff in action No. 1, the defendant in this action No. 2) "will not establish a a cause of action by simply showing the amounts he has paid because his cause of action rests on the theory of overpayment, to establish which he must necessarily prove both sides of the account." Upon this ground the defendant herein argues that the pendency of action No. 1 is a bar to the prosecution of this action No. 2. That as to the sales and deliveries of goods, and the prices to be paid therefor and the payments made thereon, the same facts are at issue, and the same questions are to be decided in both actions. That the issues to be tried and decided in both actions are on which side the indebtedness is and what its amount is.

This contention ignores the fact that in action No. 1 it is not necessary to determine anything more than the fact whether or not Wisner has overpaid the company. The Appellate Division held that that action is one at law to recover an overpayment. As before seen, the amendment to the complaint has not made it anything different, and in any event did not make it an action pending for anything else, or of any other kind, at the time action No. 2 was commenced.

If that action is to be considered on these motions in that aspect alone, then whenever the point is reached therein that Wisner fails to prove that his payments exceed what was due from him, or whenever the evidence of the company reaches the point of showing that he owed it at least as much as he has paid, that action and the issues therein will be disposed of. The further question, whether Wisner owes the company any more than he has already paid it, is in nowise necessarily involved in action No. 1. A dismissal of the complaint in that action, whether by way of nonsuit or upon the merits, would in no way involve or decide the question whether Wisner owed the company any money. That question would and could be decided in said action No. 1 only by a judgment in said action in favor of Wisner or by the company pleading a counterclaim therein and trying the issues thereon.

The defense of a prior action pending is not made out by showing that a judgment in the prior action in favor of the plaintiff therein would bar the bringing of a new action by the defendant therein for a claim in his favor. It must further appear that a judgment therein, in favor of the defendant therein, even if it were only a dismissal of the complaint on the merits, would be a bar to such

It follows that the interlocutory judgment must be affirmed, unless the conditions are changed by the fact that the defendant Wisner, under the leave granted by the Appellate Division in the action in the county of Monroe, has amended his complaint and has changed the rights of the plaintiff as they existed at the time the present action was commenced. Even conceding that the amended complaint has changed that action from one at law to an action in

new action by defendant. It is optional with the defendant whether he will set up a counterclaim or bring a cross-action therefor.

This is well illustrated by supposing that to action No. 1 the company should plead a general release and recover a judgment of dismissal on that defense. It is plain that the company could then sue Wisner for any debt he owed it. If, on the other hand, it pleaded as a counterclaim the cause of action pleaded in this action and Wisner recovered in action No. 1, then this action would be barred. So far as appears, a judgment for the company, the defendant in action No. 1, would only be conclusive on the point that it owed Wisner nothing and not in any way decide whether Wisner owed the company anything. The company has the right to maintain a cross-action to determine this latter question. The following, among many cases, illustrate the principles involved: *Carlin* v. *Richardson* (17 N. Y. St. Repr. 399, 400, 401); *Brown* v. *Gallaudet* (80 N. Y. 413); *Geery* v. *Webster* (11 Hun, 428, 430); *Parker* v. *Selye* (3 App. Div. 149, 152, 153); *Groshon* v. *Lyon* (16 Barb. 461, 466, 467); *Peck* v. *Kirtz* (15 N. Y. St. Repr. 598, 600); *Montrose* v. *Wanamaker* (11 N. Y. Supp. 106, 107); *Gillette* v. *Smith* (18 Hun, 10, 12); *Matter of Hood* (27 id. 579, 581); *Hall* v. *Bennett* (48 N. Y. Super. Ct. 302); *Westervelt* v. *Levy* (2 Duer, 354); *Carpenter* v. *Talbot* (33 Fed. Rep. 537).

The motion to dismiss the complaint must also be denied for further reasons.

Action No. 1 in no way involves the trial or decision of the rights of the parties as to two items as to which an accounting is asked in this action, to wit, the pool and interest accounts, and it is no answer to the maintenance of this action as to those matters that the complaint herein does not show that anything is due thereon. There is a right to an account as to them. The right to call a trustee to account and to maintain an action therefor, is not dependent upon the fact being made to appear in advance of the account being taken that something will be found due when it is taken. The right of action and the cause of action is for an accounting, and whether anything is due or not is the very fact, to establish which the right exists and the action is brought. The amount due is a matter to be decided after the account has been taken. (*Frethey* v. *Durant*, 24 App. Div. 58, 61.)

There have been many questions argued by both sides on these motions, upon which it is unnecessary to express any opinion, as the foregoing views, if correct, dispose of these motions, and require that the defendant's motion to dismiss the complaint be denied, and that the plaintiff should have an interlocutory judgment requiring the defendant to account as to all the matters alleged in the complaint herein.

equity, which we are not called upon to decide, we are clearly of opinion that such an amendment made after the commencement of the present action can have no effect to work an abatement of the present action.

The interlocutory judgment must, therefore, be affirmed.

HATCH, J.:

I concur in the conclusion reached by the presiding justice in this case. The claim of the appellant is that his plea in abatement should be sustained, for the reason that all the rights of the parties can be settled in the action brought by the defendant herein; and that as the court first acquired jurisdiction of that action, the entire claims of the parties should be adjudicated therein. If it be true that such is the necessary result of a determination of the matters set up in his complaint in that action, then I am of opinion that his claim should be sustained. It matters not whether his action be denominated legal or equitable; if under it it can result in the determination of all the matters in controversy between the parties, then his plea in abatement ought to be sustained. The general rule is that where the court has equal or concurrent jurisdiction, that will be continued in which the process was first served; and this without regard to whether the proceeding is pending in the same or another court, and without reference to whether one be legal and the other equitable; as the object to be accomplished in each is the same. (*Schuehle* v. *Reiman,* 86 N. Y. 270; *Draper* v. *Stouvenel,* 38 id. 219; *Groshon* v. *Lyon,* 16 Barb. 461; *Lacustrine Fertilizer Co.* v. *Lake Guano & F. Co.,* 82 N. Y. 476.) This being the established rule, the question presented by this appeal is to be determined by a consideration as to whether the rights of the parties in their entirety can be settled in the first action. I am of opinion that the plaintiff has failed to sustain his contention in this regard; and the reasons for such opinion are stated by the learned referee in his opinion overruling the plaintiff's claim. It was determined by the Appellate Division in the fourth department that the first action was an action at law to recover a sum of money; and while in view of the manner in which the pleading in that action was framed the burden was assumed by the plaintiff of taking and stating an account, yet the relief demanded and all to which the plaintiff was

entitled was the recovery of a sum of money. (*Wisner* v. *Consolidated Fruit Jar Co.*, 25 App. Div. 362.) It is entirely clear, as stated by the referee below, that such action need proceed no further than was necessary to reach a determination that the plaintiff was not entitled to recover any sum of the defendant; and although it might be made to appear that the defendant was entitled to recover of the plaintiff in that action, yet it would be entitled to no affirmative relief and could have no affirmative judgment in its favor, unless it joined issue therein, and by counterclaim sought to recover affirmatively any sum to which it might show itself entitled. But this result would not necessarily be produced by the averment of plaintiff's complaint; it could only be had, if the facts warranted, by an affirmative pleading upon the part of the defendant.

It was said by Judge RAPALLO, in speaking of a similar claim, "and, moreover, he was not bound to rely on the credit given him in Gallaudet's complaint, for if he succeeded in defeating Gallaudet's claims he could not, under that complaint, have obtained an affirmative judgment for the sums due him. To entitle himself to such a judgment it was necessary that Brown should set up his own claims by way of counter-claim, and this, as has already been said, he was not bound to do." (*Brown* v. *Gallaudet*, 80 N. Y. 413, 417, 418.) And, further, it was stated, "He had the right to reserve his own claims for a cross-action, the conduct of which he could control, and to confine his defense in the action brought by Gallaudet to such matters as would defeat Gallaudet's claims set up in that action." (P. 417.)

The same rule has been applied in other cases (*Carlin* v. *Richardson*, 17 N. Y. St. Repr. 399; *McGrath* v. *Maxwell*, 17 App. Div. 246), and in other cases cited by the learned referee.

This being the status of these two actions, it would seem that both should be permitted to proceed, as both seem to be necessary to settle all the matters in controversy between these parties.

I am, therefore, in favor of the affirmance of the interlocutory judgment.

CULLEN, BARTLETT and WOODWARD, JJ., concurred.

Interlocutory judgment affirmed, with costs.