W. Galinger, of counsel), for appellants. Jacob Marks, for respondents.

PER CURIAM. There is no certificate or statement that the case contains all the evidence. We are therefore limited upon this appeal to an examination of the exceptions taken by the appellants during the trial. After the plaintiffs had opened their case to the jury, the following proceeding was had: "Defendants' Counsel: I would like to ask the attorney for the plaintiffs to elect on what cause of action he desires to proceed. It is pretty hard to tell whether he proceeds for work, labor, and services, or for damages. (Motion denied. Exception.)" Assuming this to be a request, or to be a motion in the defendants' behalf to compel the plaintiffs to select which of two conflicting causes of action they would try, an examination of the complaint shows clearly that but one cause of action is alleged therein. The plaintiffs allege the contract, their performance and readiness to perform, and defendants' refusal to accept, and this is coupled with a general allegation of damage. The only other exception taken is to be found at folio 39 of the case on appeal, and it appears that the objection was made after the question was answered, and the grounds of the objection are not stated. If, however, the exceptions did present the question properly for review, then the evidence, we hold, was competent on the question of damages. Plaintiffs were entitled to recover under the contract, if anything, for the finished trays, $1.90, and that is all they did recover. The question of profit thereon is immaterial. Judgment and order appealed from affirmed, with costs.

In re NASSAU ELECTRIC R. CO. (Supreme Court, Appellate Division, Second Department. July 25, 1901.) In the matter of the application of the Nassau Electric Railroad Company for the appointment of commissioners as to Union street, etc. No opinion. The disallowance of the item for preparing case on appeal to the court of appeals affirmed. The item for printing cases for the court of appeals must be retaxed on the basis of what it would have cost to print the necessary number of papers on appeal for use in the court of appeals at that time.

NATIONAL BANK OF REPUBLIC, Respondent, v. OSBORNE, Appellant. (Supreme Court, Appellate Division, First Department. July 9, 1901.) Action by the National Bank of the Republic against W. Russel Osborne, administrator. H. Aplington, for appellant. G. S. Hastings, for respondent. No opinion. Judgment affirmed, with costs.

NAUL et al., Appellants, v. NAUL et al., Respondents. (Supreme Court, Appellate Division, Second Department. June 14, 1901.) Action by Eliza W. Naul and others against Henry S. Naul and others. No opinion. Motion granted. Order resettled. See 66 N. Y. Supp. 447, and 70 N. Y. Supp. 1145.

NEAL et al. v. BROWN et al. (Supreme Court, Special Term, Onondaga County. March, 1901.) Action to foreclose a mortgage. C. W. Andrews, for plaintiffs. J. W. Shea, for defendants.

HISCOCK, J. Plaintiffs are entitled to the relief demanded in their complaint upon the grounds: (1) The conveyance executed by defendants to plaintiffs September 21, 1899, was a mortgage. See Mooney v. Byrne, 163 N. Y. 86, 57 N. E. 163. (2) No agreement was made by or in behalf of plaintiffs, as claimed by defendants, subsequent to the execution of said conveyance, that the premises thereby conveyed should be kept and accepted by plaintiffs in payment and satisfaction of their indebtedness against defendants thereby secured. The acts performed by plaintiffs in the way of collecting rents, etc., were properly and naturally performed by them under the circumstances as mortgagees. (3) No demand was necessary before the commencement of the action. Finch v. Skilton, 79 Hun, 531, 29 N. Y. Supp. 925; Wheeler v. Warner, 47 N. Y. 519, 7 Am, Rep. 478. (4) The action commenced by the defendant Florence L. Brown against these plaintiffs is not a bar to this action. Brown v. Gallaudet, 80 N. Y. 413; Fruit Jar Co. v. Wisner, 38 App. Div. 369, 56 N. Y. Supp. 723. The plaintiffs could not obtain in that action, to which the other defendant herein was not a party, the relief demanded in this action. Judgment for plaintiffs.

NEAL et al., Respondents, v. BROWN et al., Appellants. (Supreme Court, Appellate Division, Fourth Department. June 19, 1901.) Action by William H. Neal and others against Florence L. Brown and others. No opinion. Judgment affirmed, with costs.

NEWCOMB, Appellant, v. MILLER SALVAGE CO., Respondent. (Supreme Court, Appellate Division, Second Department. June 14, 1901.) Action by Frank H. Newcomb against the Miller Salvage Company. No opinion. Order affirmed, with $10 costs and disbursements.

NEW YORK CO-OP. ASS'N v. BRENNAN et al. (Supreme Court, Appellate Division, First Department. July 9, 1901.) Action by the New York Co-operative Association against Theresa Brennan and others. No opinion. Motion denied, with $10 costs.

NONES, Respondent, v. EMANUEL, Appellant. (Supreme Court, Appellate Division, First Department. June 7, 1901.) Action by George W. Nones against Armida Emanuel, impleaded. G. B. Class, for respondent. No opinion. Order affirmed, with $10 costs and disbursements.

NORTH, Respondent, v. TAYLOR et al., Appellants. (Supreme Court, Appellate Division, Third Department. June 28, 1901.) Ac-