VEGA CO-OPERATIVE CREAMERY ASSOCIATION, Appellant, *v.* FENTON F. CRAFT, Respondent.

Third Department, November 14, 1917.

**Reference — examination of long account.**

Where in an action brought to recover a balance claimed to be due the plaintiff, on the theory of an overpayment, the burden is upon it to prove both sides of the account, and it must show the amounts necessarily and properly paid by the defendant and the sums deducted by it on account of such payment, and where the defendant's bill of particulars shows more than four hundred items, a reference should be ordered to hear and determine the issues, upon the ground that the examination of a long account will be necessary.

APPEAL by the plaintiff, Vega Co-operative Creamery Association, from an order of the Supreme Court, made at the Delaware Special Term and entered in the office of the clerk of the county of Delaware on the 8th day of May, 1917, appointing a referee to hear and determine the issues herein.

The question presented on this appeal is whether it affirmatively appears that an examination of a long account will be necessary upon the trial.

The portions of the complaint essential to the decision of this appeal are those relating to repairs, taxes and insurance. It alleges that a lease from the plaintiff to the defendant contained an agreement on the part of the defendant to make all necessary repairs on the property and to pay the taxes and insurance, and that the defendant should deduct a certain sum from the moneys due from the defendant to the plaintiff for milk purchased until the amount so deducted should equal the amount expended by the defendant. It is also alleged that the defendant necessarily expended the sum of $813.46 in making repairs and for taxes and insurance, and that he deducted, during the five years he occupied the premises under the lease, the sum of $1,411.63 and that the defendant was indebted to the plaintiff in the sum of $598.17, "which is the difference between the amount deducted by defendant from the prices of said milk and the amount of money necessarily and properly expended by the defendant for the benefit of the plaintiff in making needed and required repairs on plaintiff's said property * * * and the amount of moneys necessarily and properly expended by defendant for the benefit of the plaintiff for taxes and insurance on said property."

The answer of the defendant puts in issue all of the material allegations of the complaint, and alleges a counterclaim for work done, repairs made, material furnished and for taxes and insurance paid by the defendant at the request of the plaintiff, between February 21, 1912, and August 31, 1916, amounting in the aggregate to $3,344.37; that no part of said claim has been paid except the sum of $1,550.64 credited according to the contract, and that the balance $1,793.73 is due and owing by plaintiff to the defendant. The plaintiff replied to the counterclaim denying each and every

allegation thereof. The defendant's bill of particulars shows that his claim involves more than four hundred items.

*C. R. O'Connor*, for the appellant.

*Andrew J. McNaught, Jr.*, for the respondent.

SEWELL, J.:

The action having been brought to recover a balance claimed to be due the plaintiff on the theory of an overpayment the burden is upon it to prove both sides of the account. (*Irving* v. *Irving*, 90 Hun, 422; *Wisner* v. *Consolidated Fruit Jar Co.*, 25 App. Div. 362.) It must show the amounts necessarily and properly paid by the defendant and the sums deducted by the defendant on account of such payment.

The trial of the issues will, therefore, necessarily involve the examination of all the items set forth in the bill of particulars. The order appealed from should be affirmed, with ten dollars costs and disbursements.

Order unanimously affirmed, with ten dollars costs and disbursements.