WILLIAM H. BROWN. Respondent, *v.* PETER W. GALLAUDET, Appellant.

The defendant, in an action in a court of record, is not bound to avail himself by way of counter-claim, of an independent cause of action, existing in his favor against plaintiff. The rule in this respect was not changed by the Code.

In an action brought by B. against G., among other things to recover sums of money to the amount of about $2,000, alleged to have been collected by G. as agent of B., G. pleaded a former suit in bar. It appeared that G. had brought a former action against B., to recover money alleged to have been loaned to him, and expenses paid and incurred for his use ; in the complaint therein it was alleged that B. had paid or advanced to G. $2,050, and judgment was asked for the balance, with interest. The answer, in that action, was simply a general denial. Judgment was rendered therein in favor of G. The referee, upon the trial of the second action, refused to find that plaintiff had received a credit in the former suit for the amount claimed, and that fact was not established by the evidence. *Held,* that the former suit was not a bar; that B. was not bound in that action to set up his demand against G. for moneys collected, or to avail himself of the credit G. proposed to give him, but had the right to bring a cross action ; that B. not having set up such demands by way of counter-claim, they were not necessarily involved in the former action; that if it had appeared that the amounts claimed had been in fact allowed to B., and judgment only rendered for the balance, this would have been a defense ; but if nothing in fact was credited to B., and the verdict was for the whole amount the jury found owing to G., without reference to any offsets or credits, as the facts showed, the judgment did not extinguish B.'s demand.

No exceptions were taken on the trial presenting the question of the effect
of the former judgment as matter of law, and no exceptions were taken
to the referee's refusal to find that the claim of B. was allowed in the
former action; the General Term modified the judgment by reversing
the recovery for the money collected; its order did not state that the
modification was upon questions of fact. *Held*, that as no error of law
appeared, the judgment of General Term could not, in any event, be
sustained.

(Argued March 9, 1880; decided April 6, 1880.)

APPEAL from so much of a judgment of the General
Term of the Court of Common Pleas, in and for the city and
county of New York, as modified a judgment in favor of
plaintiff, entered upon the report of a referee.

The nature of the action, the modification in the judg-
ment made by the General Term, and the facts, so far as
pertinent, appear in the opinion.

*Nathaniel C. Moak*, for appellant. The pendency of the
Supreme Court action was no bar, even though the plaintiff
might have set up his claim here as a counter-claim there.
(*Fabricotti* v. *Launtz*, 3 Sandf., 743, 745; *Lignot* v. *Reddin*,
4 E. D. Smith, 285; *Harris* v. *Hammond*, 18 How. Pr., 124;
*Simeon* v. *Schurck*, 29 N. Y., 598; *Kerr* v. *Hays*, 35 id.,
331.) A defendant is not bound to set up a counter-claim
or to recoup; he may elect to do so or enforce his claim by
a separate action. (*Barth* v. *Burt*, 43 Barb., 628; *Batter-
man* v. *Pierce*, 3 Hill, 17; *Simeon* v. *Schurck*, 29 N. Y.,
598; 33 Barb., 9; *Gillespie* v. *Torrance*, 25 N. Y., 306; 4
Bosw., 36; *Lignot* v. *Redding*, 4 E. D. Smith, 285; *Halsey*
v. *Carter*, 1 Duer, 667; *Welch* v. *Hazelton*, 14 How., 97;
*Insley* v. *Hampton*, 8 Hun, 230; *Peck* v. *Minot*, 4 Robt.,
323; *Ives* v. *Van Epps*, 22 Wend., 157; *Batterman* v.
*Pierce*, 3 Hill, 171; *Britton* v. *Turner*, 6 N. H., 481; *Hal-
sey* v. *Carter*, 1 Duer, 667; *Barber* v. *Rose*, 5 Hill, 81;
*Stever* v. *Lamoure*, Lalor's Supp., 352.) It was competent
to prove that the plaintiff's claim in this action was not
allowed in the Supreme Court action, even though it was
included in the pleadings in that action; and that fact
being proved, neither the action nor the judgment was

any bar to this action. (*Kirby* v. *Daly*, 63 N. Y., 659; *Kerr* v. *Hays*, 35 id., 331; *White* v. *Madison*, 26 id., 117; *Lawrence* v. *Cabot*, 41 N. Y. Sup. Ct., 123; *Jones* v. *Underwood*, 13 Abb. Pr., 333; *Tyler* v. *Willis*, 35 Barb., 213; *McDonald* v. *Christie*, 42 id., 37; *Smith* v. *Weeks*, 26 id., 464; *East N. Y. and R. R. Co.* v. *Elmore*, 53 N. Y., 624; Greenl. on Ev. [13th ed.], § 532; 2 Wharton on Ev., § 988; *Campbell* v. *Rankin*, 99 U. S. Reps., 261, 263; *Davis* v. *Brown*, 94 id., 423; *Russell* v. *Place*, 94 id., 606; Well's Res. Adjudicata, § 295; *Sweet* v. *Tuttle*, 14 N. Y., 469, 473.) There was no account stated. (*Quincy* v. *White*, 63 N. Y., 370; *Guernsey* v. *Rexford*, 63 id., 632; *Stevens* v. *Jerome*, 54 id., 480.)

*Wm. W. Niles*, for respondent. The old rule was, that one could not divide accounts and multiply suits, and if he sued and recovered for part of an account, the rest was barred. (*Guernsey* v. *Carver*, 8 Wend., 492.) It was also the rule that a party having an offsetting demand, must set it off at the very first opportunity, or it is forever extinguished. (Cow. Treat. [4th ed.], 485; *Serjeant* v. *Holmes*, 3 J. R., 428; *White* v. *Ward*, 9 id., 232.) Giving credit for a set-off is equivalent to a plea, and, indeed, prevents the necessity of a plea. (*Hodgkins* v. *Hancock*, 14 M. & W., 121; *Kenyon* v. *Wakes*, 2 id.) The statute does not change this rule. It only defines what may be set off, and the present is one of the cases provided for. (3 R. S. [5th ed.], 634; Code, § 50, note b.; *Vassear* v. *Livingston*, 13 N. Y., 256; *Gleason* v. *Moen*, 2 Duer, 642; *Welch* v. *Hazelton*, 14 How., 97; 29 N. Y., 598.) When it appears that the matter has undergone judicial investigation, the judgment is final, not only as to the subject-matter, but as to every other matter which the parties have litigated. (*LeGuer* v. *Gouverneur*, 1 Johns. Cas., 436; 1 Am. Decis., 121.) The judgment in the former action is a complete bar to this. (*Hendricks* v. *Decker*, 35 Barb., 298; *Doty* v. *Brown*, 4 N. Y., 71; *Gardner* v. *Buckler*, 3 Cow., 120; *Ontran* v. *Morswood*, 3

East, 346; *Burt* v. *Sternburg*, 4 Cow., 559; *Castle* v. *Noyes*, 14 N. Y., 329; *City of Denver* v. *Lobenstein*, Sup. Ct., Col., April, 1877; *Gates* v. *Preston*, 41 N. Y., 113; *Newton* v. *Hook*, 48 id., 676.)

RAPALLO J. This action was brought to recover various sums of money, amounting in the aggregate to about $2,000, alleged to have been collected by the defendant, as the broker or agent of the plaintiff, in the years 1866, 1867, and 1868, and also certain securities which had been received by the defendant, as agent for the plaintiff, on loans made for his account to third parties. The referee found for the plaintiff on both claims, and on his report judgment was entered against the defendant for $3,649.82, for the money demand and the interest thereon, and also for the delivery of the securities claimed in the complaint.

On appeal to the General Term, the court modified this judgment by reversing the recovery on the money demand, and affirming that of the securities.

From the opinion of the court at General Term, it appears that this modification was made on the ground that in a former action brought by Gallaudet, the present defendant, against Brown, the present plaintiff, for the recovery of money alleged to have been lent by Gallaudet to Brown, and expenses paid and incurred for his use, Brown had been credited with the identical sums which he sought to recover in this action, and a balance had been recovered against him by Gallaudet, and that Brown had thus had the benefit of these sums in reducing his indebtedness to Gallaudet.

The fact that the plaintiff had received this credit in the former suit was not found by the referee in this action, but, on the contrary, such a finding was refused by him, and after a careful examination of the evidence we are satisfied that the court fell into an error in assuming that such fact appeared or existed.

The former action was brought for the recovery of the sum of $2,000, alleged to have been lent by Gallaudet to

Brown, with interest, and of the further sums of $1,976.87, and $1,236.65, for expenses alleged to have been paid and incurred by Gallaudet for account of Brown in a certain litigation, with interest on those sums.

In the complaint in that action Gallaudet alleged that Brown had paid or advanced to him the sum of $2,050, and he claimed judgment against Brown for a balance of $3,355.03, with interest from January 22, 1874.

The answer to this complaint did not set up any counter-claim, but consisted solely of a general denial.

Brown was not bound to set up in that action his claims against Gallaudet for money collected as his agent, which form the subject of the present action, nor to avail himself of the credit which Gallaudet proposed in his complaint to give him.   He had the right to reserve his own claims for a cross-action, the conduct of which he could control, and to confine his defense in the action brought by Gallaudet, to such matters as would defeat Gallaudet's claims set up in that action.

It was only by reason of the statute relating to actions in justices' courts, that a defendant was required, in those courts, to avail himself of his offsets, and the cases cited by the respondent arose under that statute.   No such rule existed before the Code in actions in courts of record, and the Code did not change the law in this respect.   (4 E. D. Smith, 285; *Halsey* v. *Carter*, 1 Duer, 667; *McIntyre* v. *N. Y. C. R. R. Co.*, 43 Barb., 533.)

It was not in the power of Gallaudet, by bringing the first action, to disable Brown from suing him.   Brown had the right to take the position that all the claims of Gallaudet were groundless, and to institute his own action for the moneys collected by Gallaudet as agent.   He might in such an action be entitled to remedies which he could not obtain in the action brought by Gallaudet; and, moreover, he was not bound to rely on the credit given him in Gallaudet's complaint, for if he succeeded in defeating Gallaudet's claims he could not, under that complaint, have obtained an

affirmative judgment for the sums due him. To entitle him-
self to such a judgment it was necessary that Brown should
set up his own claims by way of counter-claim, and this, as
has already been said, he was not bound to do.

Brown exercised his right of election and confined himself,
in his answer to Gallaudet's complaint, to a denial of the
allegations therein, and brought this cross-action to enforce
his own demands. Gallaudet's action was then pending and
undetermined, and he set up the pendency of that action as
a defense to this; but while this action was on trial before
the referee, Gallaudet's action was tried by jury, and resulted
in a verdict in favor of Gallaudet for the sum of $3,487.10
on the 11th October, 1876; on which verdict judgment was
entered. Gallaudet then amended his answer by setting up
that judgment as a bar to this action, alleging that each
and every of the items sued for in this action was in the
former action credited to Brown, and that judgment was
recovered in that action for a balance only of the amount
due Gallaudet after allowing all said credits.

This allegation, if proved, undoubtedly would have estab-
lished a defense to plaintiff's money demands, for although
he was not bound to set them up in the action brought
by Gallaudet against him, yet if in fact they were cred-
ited to him in that action, and he had the benefit of them
in diminution of a larger sum found to be due from him
to Gallaudet, and judgment was rendered in Gallaudet's
favor for a balance after allowing such credits, the demands
thus credited were extinguished. But if, on the contrary,
nothing was in fact credited to Brown by reason of his
claims against Gallaudet, and the verdict was not merely
for a balance, but for the whole amount which the jury
found to be owing to Gallaudet on the claims on his
part set up in his complaint, without reference to any
offsets or credits, the judgment did not extinguish Brown's
demands. Brown not having set them up by way of coun-
ter-claim, they were not necessarily involved in that action,
and they have not been in any manner satisfied. It is true

that Gallaudet had in his complaint acknowledged the receipt of a sum about equal to Brown's demands, which he proposed to allow as against his own ; but if in submitting the case to the jury neither party made any reference to this proposed offset or credit, and it was not in fact allowed, the demands of the plaintiff were not affected. He was not bound to avail himself of them in that manner, and thus destroy the foundation of his action therefor then pending against Gallaudet, and although he might, under the allegations in Gallaudet's complaint, have required that they be offset against Gallaudet's claims, his omission so to do did not bar him from availing himself of them in his own suit. They did not constitute matter of defense against Gallaudet's claims in such a sense that they were barred by a recovery of those claims or any of them. The claims of Gallaudet were for money lent, and money paid out for Brown's use. The claims of Brown were for dividends and other money collected by Gallaudet as his agent. These were matters of offset rather than of defense, and the fact that Gallaudet entered all these matters in the same account, does not so connect them that they could not properly form the subject of independent actions by each party. The judgment in Gallaudet's action was not therefore a technical bar to plaintiff's action, and the material question is whether the plaintiff's claims have been in fact paid or extinguished by being allowed to him in the suit of Gallaudet.

The General Term in deciding this question must have passed upon the facts of the case as appearing in the evidence, for it is not found by the referee that the credits were allowed, and to his refusal so to find no exception is taken, nor is any exception taken to any of his findings or conclusions. The order or judgment of the General Term does not in terms state that it is founded upon the facts of the case, and as no error of law appears from the findings, a short answer might be made to this appeal. But passing that, we think the court misapprehended the facts. The only evidence tending to show that the plaintiff's demands were

credited in the former suit, is that an account was made up by Gallaudet, charging Brown with the sums demanded in the complaint, with interest to January 22, 1874, and crediting Brown with all the items claimed by him in this suit, with interest to the same date, and showing a balance then due Gallaudet of $3,355.03, which is the precise sum claimed in Gallaudet's complaint, with interest from January 22, 1874. That account had been exhibited to Brown and his counsel, and was put in evidence before the referee in this action, and there was testimony to the effect that it had been used on the trial of the action of Gallaudet against Brown, but on this point there was a conflict in the evidence, and there is no proof that this account was submitted to the court or jury. Of course if it had appeared that this statement had been laid before the jury, and that their verdict was for the balance of this account, the position of the defendant would have been sustained.

But the facts are very different. The claims of Gallaudet stated in this account and in his complaint, consisted of an alleged loan by him to Brown of $2,000 with interest from February 28, 1866, and also of four items, viz. : $366.10, $86.25, $1,524.52, and $1,236.65, for expenses incurred in a certain suit, with interest. All of these claims appear to have been litigated. Mr. New, who acted as counsel for Brown upon that trial, testifies that at the close of the testimony and before the charge, Mr. Niles, the counsel for Gallaudet prepared and submitted to the witness a statement of the plaintiff's claims and interest, and that witness thereupon remarked that this statement contained no allowance of any credits to Brown for moneys collected by Gallaudet, to which Mr. Niles replied, that it did not, for the reason that no evidence of such collections had been introduced. Mr. Niles testified on this point that before the charge he made up the statement of plaintiff's account, and when completed Mr. New remarked to him that he had no statement of the credits to the defendant, and Niles replied that he had not, that he had only the plaintiff's items, and that he, New,

must make up the interest on his credits himself. That he, Niles, thereupon handed the statement to the judge or stated its contents to him. The only conflict between Mr. Niles and Mr. New, is, that Mr. Niles says that he did not give as a reason for omitting any credits to Brown, that there was no proof of them, but from the testimony of both it appears that in the statement furnished to the court for submission to the jury, the credits to Brown were not embraced.

The entire charge to the jury was put in evidence and from this appears that the questions as to the alleged loan of $2,000, and as to the items of legal expenses were separately submitted to them, and no reference was made to any offsets or credits to be allowed to Brown, in case the jury should find for Gallaudet on his claims or either of them. It was thus shown with reasonable certainty that these credits were not submitted to the jury, but if any doubt could be entertained on the subject, it is set at rest by the amount of the verdict, which shows very distinctly that it was rendered only for the $2,000 loan and interest, and that the other claims of the plaintiff were rejected. The verdict was rendered October 11, 1876, for $3,487.10. If the jury had found for the plaintiff on all his claims and allowed the credits, their verdict would have been for the sum demanded in the complaint, viz. : $3,355.03 and interest from January 22, 1874, two years, eight months and nineteen days, and would have amounted to over $4,000. But instead of being for any sum approximating to that amount it was for $3,487.10, which will be found to be the precise amount due October 11, 1876, upon the $2,000 loan with interest, from February 28, 1866. The counsel for the appellant computes the amount at $3,487.16, but on a close computation according to the commercial mode, counting the time as ten years, six months and forty-four days, it will be found that the jury were precisely accurate and the true amount is $3,487.10, the amount of the verdict.

The jury undoubtedly intended to render a verdict for the amount of this loan, and to disallow the other claims

of the plaintiff, and had not before them any credits to be allowed against this claim. No evidence was introduced of the collection of money by Gallaudet for the plaintiff, nor was there any allegation in the pleadings of any such collections, and nothing appears to have been claimed or allowed in respect of any payments, by virtue of the admission in the complaint. The plaintiff's demands had in no shape been allowed to him and he was entitled to recover them in this action. Indeed, as the result shows, he could not have obtained the full benefit of them under the pleadings in the prior action, as they exceeded the amount due to Gallaudet for the loan and interest, and evidently this was all that the jury found Gallaudet entitled to recover.

The judgment of the General Term cannot be sustained even if founded on the facts of the case as may be implied from the form of the judgment. There were no exceptions presenting the question of the effect of the former judgment as a question of law, nor could such exceptions have been sustained if taken. In either aspect of the case, the judgment of the General Term should be reversed and that entered on the report of the referee affirmed with costs.

All concur.

Judgment accordingly.