KERNGOOD v. POND.

(Supreme Court, Appellate Division, First Department. June 5, 1903.)

1. INJUNCTIONS—RESTRAINING ACTIONS AT LAW—PROSECUTION OF INDEPENDENT
   ACTION.
   Plaintiff, in an action for the rescission of an executed contract for the sale to him of certain antiques for household use, could not, by admitting in his complaint a liability for other antiques purchased by him, restrain defendant from prosecuting an independent action to recover the value of the antiques, the liability for which was admitted.

Appeal from Special Term, New York County.

Action by Norman W. Kerngood against Charles H. Pond. From an order restraining the prosecution of the action instituted in the City Court by defendant against plaintiff, defendant appeals. Reversed.

Argued before HATCH, McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Herbert S. Barnes, for appellant.
Alfred Pagelow, for respondent.

O'BRIEN, J. This action in form is to procure the rescission of a contract of sale of certain personal property upon the ground that the

defendant had failed and neglected, in accordance with his agreement, to deliver the property in sound condition and good repair, suitable for the purposes and objects for which the same was purchased. From the complaint it would appear that the goods in dispute, which were known as antiques for household use, were purchased between the 20th day of May, 1901, and the 7th day of February, 1902, and the amount which the plaintiff agreed to pay therefor, if in good condition, was $788, which sum was paid before the goods were examined; and it is for the purpose of rescinding such contract, and returning the antiques so purchased, and obtaining back the money so paid, that this action is brought. Subsequent to February 7, 1902, the plaintiff purchased of the defendant other property of the value and amounting to the sum of $528, upon which no payment was made, and concerning which no dispute exists; the plaintiff admitting that this sum is due for such goods to the defendant. In this action the plaintiff, in addition to asking for the rescission of the contract and the return of the $788 paid, has included in his complaint this subsequent and entirely separate and distinct transaction, of $528, which he seeks to have brought into this litigation to the end that, if successful in obtaining repayment of the $788, he can then credit the defendant with the $528 admittedly due, leaving a balance in his favor. The defendant, concluding that he was not obliged to await the determination of the plaintiff's action, brought suit in the City Court for the purpose of recovering what was concededly due him, and, in addition, a further indebtedness for work, labor, and materials amounting to $32. Thereafter the plaintiff moved herein for an injunction to restrain, until the determination of this action, the prosecution of the action at law pending in the City Court; and it is from the order granting such motion that this appeal is taken.

We think that the motion must have been granted by the learned judge at Special Term under a misapprehension of the facts. We find no connection whatever between the subject-matter of the two suits, and it is certain that a judgment for the amount involved in the City Court action, and concededly due, would in no way affect the plaintiff's rights herein. It is to be noted, moreover, that the plaintiff's action here is not for an accounting. It is for a rescission of an agreement for the purchase and sale of definite articles for a definite amount, all of which were purchased and paid for before the plaintiff contracted the subsequent debt by purchasing other and additional articles, which he wishes to retain, and about which he makes no complaint, and for which he concededly owes the purchase price. These facts present no such equitable feature as would justify the order here granted.

It appears that both plaintiff and defendant are entirely responsible, and therefore the plaintiff could in no way be injured if he paid the amount or claim involved in the City Court action. If there had been any connection between the transactions, or if there had been any agreement, express or implied, by which one claim could be offset against the other, or were this an action for an accounting between the parties, there might be some reason for enjoining the prosecution of the City Court action, upon the ground that this equitable action having been commenced first in point of time, and being one in which all the rights

of the parties could be determined, neither of the parties should be permitted to prosecute another and different action for matters which were included in the one commenced. We have no such equitable features, however, but, on the contrary, it appears to us that it is extremely doubtful, to say the least, if in this action for a rescission, the defendant could obtain any affirmative relief for the amount involved in the City Court action, assuming that the plaintiff did not succeed herein.

Were the plaintiff successful in obtaining a judgment for a rescission, it may be that, having offered to allow the defendant to offset the amount that was due him from the plaintiff, it could be so adjusted. But we might ask, what would become of the defendant's claim for the $528 in the event that the plaintiff should not succeed, and the defendant should, in this equitable action? However well brought, in theory, an action may be, it occasionally happens that a defendant is successful; and it is proper, therefore, to consider his position, should that be the final outcome of this equitable action.

The defendant has interposed no counterclaim, and, excepting the admission that the plaintiff owes him the $528, the answer consists of a general denial. In this condition of the pleadings, it is doubtful if the defendant could, as matter of strict legal right, obtain any affirmative relief if successful in this action. Consolidated Fruit Jar Co. v. Wisner, 38 App. Div. 369, 376, 56 N. Y. Supp. 723. It may be urged, however, that it was the defendant's duty in this equitable action to have interposed a counterclaim, and to have demanded affirmative relief. We doubt if the defendant could have interposed a counterclaim. For that purpose, it would be necessary for him to be able to effect it against the plaintiff's demand under one or the other of the subdivisions of section 501 of the Code of Civil Procedure. Under the first subdivision of that section, the counterclaim would not be available to the defendant, because the $528 was not part of the same transaction, nor did it grow out of the same transaction as that involved in the plaintiff's equitable claim for relief. Nor, under the second subdivision of that section, would it be available as a contract which could be set off against another contract sued upon, because here, again, we must remember that plaintiff's equitable action is not upon contract, but is to rescind a contract; and it is doubtful whether defendant could properly, under this second subdivision, plead a counterclaim or set-off for the $528 due him. Apart, however, from these considerations, the defendant had interposed his answer before the City Court action was begun, and we must view the case, therefore, as the pleadings exist in the present action; and, as we have endeavored to point out, if the defendant should succeed in obtaining a dismissal of the complaint, this will not enable him to make much progress with his $528 claim, because in that event he would not be entitled, and for the reasons stated, to obtain affirmative relief.

The effect of the injunction, therefore, is to prevent the defendant from ever enforcing the claim which concededly he has until after the final determination, by appeal or otherwise, of this action. In other words, before the defendant could enforce his rights to collect a conceded claim at law, he must wait until this equitable action is finally

·ended.   As said in N. & N. B. H. Co. v. Arnold, 143 N. Y. 265, 48 N.
E. 271:

"The jurisdiction of a court of equity by action to restrain proceedings in
·actions pending in courts of law should be sparingly exercised, and only when
other remedies are inadequate, and the equities invoking its jurisdiction are
·apparent and strong."

It is true that the court was herein speaking of restraining proceed-
ings by action, but what has been thus said is equally applicable to re-
:straining by order.

For the reasons, therefore, that we find no equities so "apparent and
strong" as would justify the court in granting such a restraining order
as was herein sought to be obtained, we think that the order appealed
from should be reversed, with $10 costs and disbursements, and the
motion should be denied, with $10 costs.   All concur; PATTER-
SON, J., in result.

---

STILLINGS v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department.   June 5, 1903.)

1. STREET CARS—PERSONAL INJURIES—CONTRIBUTORY NEGLIGENCE.
    Decedent, while seeing, some distance away, a south-bound car ap-
    proaching, started, at a street crossing, to walk diagonally across the
    street in order to board an approaching north-bound car.   He signaled
    to the latter to stop, which it did.   Its conductor called to him to hurry.
    When in the center of the track on which the south-bound car was
    running, he was warned by a companion of its approach, and stepped
    back, but was struck and killed.   There was evidence that the south-
    bound car was proceeding at a speed of 20 or 25 miles an hour, and that
    no signal of its approach was given.   Held, that the issue of contributory
    negligence was for the jury. '

2. WRONGFUL DEATH—DAMAGES—EXCESSIVE VERDICT.
    A verdict for $10,000 for causing the death of a man 73 years of age,
    successful in business, apparently in good financial circumstances, leav-
    ing a wife and adult children, to none of whom he gave financial aid
    except to the wife, was excessive, and should be reduced to $5,000.
    McLaughlin and Ingraham, JJ., dissenting.

Appeal from Trial Term, New York County.