(110 App. Div. 326.)

## WALKUP v. MESICK.

(Supreme Court, Appellate Division, First Department. December 30, 1905.)

1. ACTIONS—STAY OF PROCEEDINGS—ANOTHER ACTION PENDING—BOND.

Under the express provisions of Code Civ. Proc. § 611, it was improper for the court to stay another action pending in another court between the same parties, arising out of the same transaction, without the execution of a bond for the payment of damages and costs by the party procuring the stay.

2. SAME—DISCRETION.

Defendant sued plaintiff in the Municipal Court for work and labor. Defendant interposed a general denial, a plea of another action pending, and a counterclaim, being the same cause of action alleged in the complaint filed by him as plaintiff in the case at bar, in the Supreme Court, immediately after he was served with summons in the action in the Municipal Court. Defendant in the case at bar did not set up a counterclaim, but chose merely to plead defenses to plaintiff's two causes of action for conversion and breach of contract. *Held*, that it was not a proper exercise of the court's discretion to order a stay of the Municipal Court action, pending trial of plaintiff's action in the Supreme Court.

Appeal from Special Term, New York County.

Action by Samuel T. Walkup against David W. Mesick. From an order staying the trial of an action in the Municipal Court until final determination of the action in question, defendant appeals. Reversed.

Argued before O'BRIEN, P. J., and PATTERSON, CLARKE, INGRAHAM, and LAUGHLIN, JJ.

Robert H. Roy, for appellant.
Charles S. Foote, for respondent.

CLARKE, J. This action was commenced by the personal service of the summons upon the defendant on the 8th day of June, 1905. Two days before, upon the 6th day of June, 1905, the defendant procured to be issued from the Municipal Court, First District, Borough of Brooklyn, a summons in the action of David M. Mesick v. Samuel Thomas Walkup to recover the sum of $419.63 for work, labor, and services rendered and materials furnished. That summons was not, however, served until the 9th day of June, 1905. The complaint in the case at bar was verified on the 13th day of June. It alleges as a first cause of action the wrongful conversion of certain personal property owned by the plaintiff, and alleges the value thereof to be

$750. For a second cause of action it sets up the making of a contract by which the defendant agreed to manufacture certain articles, for which the plaintiff agreed to pay the fair and reasonable value upon completion; that plaintiff had paid during the progress of the work $1,200; that defendant had not completed within a reasonable time; and that by reason of bad workmanship and delay, the plaintiff has been and will be obliged to pay other mechanics for the proper completion thereof, and alleges damage by such breach $300, and demands judgment for $1,050. The answer is a general denial.

In the Municipal Court action the defendant, the plaintiff in the case at bar, interposed an answer containing a general denial, a plea for another action pending, and a counterclaim of $1,050, being the same cause of action set up in his complaint herein. Plaintiff moved in the Special Term of the Supreme Court upon the pleadings and bills of particulars in both actions, and upon an affidavit setting forth that the two actions arose out of the same transaction, for the removal of the Municipal Court action into this court and its consolidation with the suit at bar, or for an order staying the further prosecution of the Municipal Court action until the final determination of this action. The court at Special Term denied the motion so far as the removal was concerned, but granted the stay. Defendant appeals from that portion of the order.

This being an action at law in which no equitable relief is demanded in the complaint, it would seem that authority for this injunction order —for so it is and nothing else—must be found in section 604 of the Code:

"Where it appears by affidavit that the defendant, during the pendency of the action is doing, or procuring or suffering to be done, or threatens, or is about to do or to procure or suffer to be done an act in violation of the plaintiff's rights respecting the subject of the action and tending to render the judgment ineffectual an injunction order may be granted to restrain him therefrom."

It would also seem that section 611 aptly applies:

"An injunction order shall not be granted to stay the trial of an action in which the complaint demands judgment for a sum of money only, after issue has been joined therein, unless the party applying therefor gives an undertaking to the party enjoined, with sufficient sureties, to the effect that he will pay to the party enjoined, or his representative, all damages and costs which may be recovered by him in the action stayed by the injunction, not exceeding a sum specified in the undertaking; and also all damages and costs that may be awarded to him in the action in which the injunction order is granted."

It does not appear that any such undertaking was required or given. Irrespective of this defect, I think this order was not proper. The defendant has not set up a counterclaim in the suit at bar. He has chosen to defend against the plaintiffs two claims of conversion and breach of contract. He has chosen to bring his own action in a forum of his own selection upon his claim for work, labor, and services. He cannot be compelled to set up his counterclaim herein. He had the right to reserve his own claims for a cross-action, the conduct of which he could control, and to confine his defense in the action brought against him, to such matters as would defeat the claims there set up. Brown v. Gallaudet, 80 N. Y. 413; Ogden v.

Pioneer Iron Works, 91 App. Div. 396, 86 N. Y. Supp. 955. Assuming that the plaintiff should be defeated as to either of his causes of action, or any part thereof, defendant could obtain no affirmative relief. Kerngood v. Pond, 84 App. Div. 227, 82 N. Y. Supp. 723.

The exercise of the power to stay another suit in a different court is discretionary. Even if that power exists in such a case as that at bar, it ought not to have been exercised.

So much of the order as is appealed from reversed, with $10 costs and disbursements, and stay vacated, with $10 costs to appellant. All concur.