### LESSLER et al. v. GERLI.

(Supreme Court, Appellate Term. January 5, 1911.)

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Michael Lessler and another, individually and as copartners, trading as M. Lessler & Co., against Paul Gerli. From a judgment for defendant, after trial by the court without a jury, plaintiffs appeal. Affirmed.

Argued before GIEGERICH, BRADY, and GAVEGAN, JJ.

Samuel S. Breslin, for appellants.
Michael H. Harris, for respondent.

PER CURIAM. Judgment affirmed, with costs.

GIEGERICH, J. (dissenting). This is an action to recover damages for breach of a contract to sell and deliver certain silk. Plaintiffs purchased ten bales, of which two only were delivered. The defense was that prior to the commencement of this action the defendant had brought an action against the plaintiffs to recover damages for the plaintiffs' breach of the same contract in refusing to accept delivery of the eight bales, and that such action had been litigated and had resulted in a judgment dismissing the complaint on the merits. It is argued that, as the plaintiffs might have set up their present claim by means of a counterclaim in the earlier action, but failed to do so, they have lost their right to maintain this action.

I cannot see why this should be so on principle, and I do not think that such a conclusion is required by the decided cases. The only point decided in the former action was that this defendant could not recover on the contract against these plaintiffs. There is nothing in that adjudication that is in any way inconsistent with the right of these plaintiffs to recover on the contract against the defendant. The situation would have been essentially different if the plaintiff in the former action had recovered judgment against the present plaintiffs for breach of the contract. Of course, such an adjudication would have been inconsistent with the maintenance of this action. The adjudication that the plaintiff in that action was entitled to recover a sum certain from these plaintiffs would naturally be inconsistent with a subsequent claim on the part of the plaintiffs that they were entitled to an offset or counterclaim. In such a case it would doubtless be held that the failure to assert the claim, at the time when the first recovery was had, had barred its subsequent assertion, and that the litigation was at an end when the first judgment was rendered. The right of one of the parties to recover a certain sum as damages for the breach of the contract in failing to receive the goods would necessarily be inconsistent with the right of the other party to recover for a breach consisting of a failure to deliver the same goods. But there is nothing of that kind here.

Obviously the seller, by commencing his action for an alleged breach of the contract, could not prevent the buyer from commencing a separate action for the breach upon which he relied. He could not compel the buyer to set up his cause of action by way of counterclaim. The buyer, equally with the seller, would have the right to enforce, or attempt to enforce, his claims, by an action in which he was plaintiff, in a forum of his own choosing, and in a litigation the conduct of which generally he could control. Brown v. Gallaudet, 80 N. Y. 413; Ogden v. Pioneer Iron Works, 91 App. Div. 394, 86 N. Y. Supp. 955; Walkup v. Mesick, 110 App. Div. 326, 97 N. Y. Supp. 142; Meyerhoffer v. Baker, 121 App. Div. 797, 106 N. Y. Supp. 718; Barber v. Ellingwood, 137 App. Div. 704, 122 N. Y. Supp. 369. This principle has, indeed, been carried so far that a defendant, against whom a judgment had previously been recovered for the price of goods sold, has been allowed thereafter to maintain an action for breach of the collateral contract of warranty upon the same sale. Honsinger v. Union Carriage & Gear Co., 175 N. Y. 229, 67 N. E. 436.

There seems to be no occasion to cite further authorities, and I think the judgment should be reversed, and a new trial ordered, with costs to the appellants to abide the event.