424 LESSLER v. GERLI.

the defendant's attorney, instead of immediately paying the referee the sum demanded. If he had so conferred, the parties could and should have agreed either that both would pay, or that neither should. We are also of the opinion that the court was right in imposing as a condition of granting the motion for the removal of the referee that the testimony taken before the removed referee of witnesses now beyond the jurisdiction of the court might be read or given in evidence before the substituted referee, subject to legal objection as to competency or relevancy. It would be a great hardship to the plaintiff to require all this evidence to be taken over again, and there seems to be no necessity for doing so. It is suggested that the new referee should have the parties before him, but that result would not be assured by striking out that portion of the order permitting this evidence to be read, because as they are without the jurisdiction of the court their evidence might be taken on commission. The order denying defendant's motion to resettle the order of removal was within the discretion of the justice, and the appeal from it presents no question requiring consideration.

The orders appealed from are affirmed, with ten dollars costs and disbursements against the defendants on each appeal, and without costs against the referee.

INGRAHAM, P. J., LAUGHLIN, CLARKE and MILLER, JJ., concurred.

• Orders affirmed, with ten dollars costs and disbursements against the defendant appellant, and without costs against the referee.

---

MICHAEL LESSLER and LEO LESSLER, Appellants, v. PAUL GERLI, Respondent.

First Department, June 23, 1911.

**Judgment — breach of contract of sale — when prior judgment does not bar subsequent action.**

An action by a buyer against a seller for breach of his contract to sell and deliver goods is not barred by a prior action brought by the seller against the buyer for the breach of the same contract by refusing to accept the

goods in which prior action the seller's complaint was dismissed upon the merits.

This, because the prior action only established that the seller could not recover of the buyer on the contract and the adjudication was not inconsistent with the rights of the buyer to recover thereon.

APPEAL by the plaintiffs, Michael Lessler and another, from an order of the Appellate Term, entered in the office of the clerk of the county of New York on the 5th day of January, 1911, affirming a judgment of the Municipal Court of the city of New York in favor of the defendant entered on the 4th day of May, 1910.

*Samuel S. Breslin,* for the appellants.

*Michael H. Harris,* for the respondent.

Determination and judgment reversed and new trial ordered, costs in all courts to abide event, on dissenting opinion of GIEGERICH, J., at Appellate Term.

Present — INGRAHAM, P. J., McLAUGHLIN, LAUGHLIN, MILLER and DOWLING, JJ.

The following is the opinion of GIEGERICH, J.:

GIEGERICH, J.:

This is an action to recover damages for breach of a contract to sell and deliver certain silk. Plaintiffs purchased ten bales of which two only were delivered. The defense was that prior to the commencement of this action the defendant had brought an action against the plaintiffs to recover damages for the plaintiffs' breach of the same contract in refusing to accept delivery of the eight bales, and that such action had been litigated and had resulted in a judgment dismissing the complaint on the merits.

It is argued that as the plaintiffs might have set up their action by means of a counterclaim in the earlier action, but failed to do so, they have lost their right to maintain this action.

I cannot see why this should be so on principle and I do not think that such a conclusion is required by the decided cases. The only point decided in the former action was that this defendant could not recover on the contract against these plaintiffs. There is nothing in that adjudication that is anyway

inconsistent with the right of these plaintiffs to recover on the contract against the defendant. The situation would have been essentially different if the plaintiff in the former action had recovered judgment against the present plaintiffs for breach of the contract. Of course, such an adjudication would have been inconsistent with the maintenance of this action. The adjudication that the plaintiff in that action was entitled to recover a sum certain from these plaintiffs would naturally be inconsistent with a subsequent claim on the part of the plaintiffs that they were entitled to the offset or counterclaim. In such a case it would doubtless be held that the failure to assert the claim at the time when the first recovery was had had barred its subsequent assertion and that the litigation was at an end when the first judgment was rendered. The right of one of the parties to recover a certain sum as damages for the breach of the contract for failing to receive the goods would naturally be inconsistent with the right of the other party to recover for a breach consisting of a failure to deliver the same goods. But there is nothing of that kind here.

Obviously, the seller, by commencing his action for an alleged breach of the contract, could not prevent the buyer from commencing a subsequent action for the breach upon which he relied. He could not compel the buyer to set up his cause of action by way of counterclaim. The buyer, equally with the seller, would have right to enforce, or attempt to enforce, his claims, by an action in which he was plaintiff, in a forum of his own choosing and in a litigation, the conduct of which generally he could control. (*Brown* v. *Galluadet*, 80 N. Y. 413; *Walkup* v. *Mesick*, 110 App. Div. 326; *Meyerhoffer* v. *Baker*, 121 id. 797; *Barber* v. *Ellingwood, No. 2*, 137 id. 704.) This principle has indeed been carried so far that a defendant, against whom a judgment had previously been recovered for the price of goods sold, has been allowed thereafter to maintain an action for a breach of the collateral contract of warranty upon the same rule. (*Honsinger* v. *Union Carriage & Gear Co.*, 175 N. Y. 229.)

There seems to be no occasion to cite further authorities and I think the judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.